**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> BLH TOPCO LLC, <br><br>  Debtor. <br><br> Tax I.D. No. 85-1119009 | Chapter 11 <br><br> Case No. 25-10576 ( __ ) |
| In re: <br><br> BLH HOLDCO LLC, <br><br>  Debtor. <br><br> Tax I.D. No. 33-4217735 | Chapter 11 <br><br> Case No. 25-10577 ( __ ) |
| In re: <br><br> BLH ACQUISTION CO., LLC, <br><br>  Debtor. <br><br> Tax I.D. No. 85-1045779 | Chapter 11 <br><br> Case No. 25-10578 ( __ ) |
| In re: <br><br> BLH RESTAURANT FRANCHISES LLC, <br><br>  Debtor. <br><br> Tax I.D. No. 85-1108093 | Chapter 11 <br><br> Case No. 25-10579 ( __ ) |
| In re: <br><br> BLH WHITE MARSH LLC, <br><br>  Debtor. <br><br> Tax I.D. No. 85-2852950 | Chapter 11 <br><br> Case No. 25-10580 ( __ ) |

1

**DEBTORS' MOTION FOR
ENTRY OF ORDER DIRECTING JOINT ADMINISTRATION
OF RELATED CHAPTER 11 CASES AND GRANTING RELATED RELIEF**

The debtors and debtors in possession (each, a "**Debtor**" and collectively, the "**Debtors**") in the above-captioned chapter 11 cases, by and through their undersigned proposed counsel, hereby move for entry of an order granting the relief described below. In support of this motion ("**Motion**"), the Debtors rely on the *Declaration of Leslie Crook in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**")[1] filed concurrently herewith and respectfully represent as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent such consent, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these chapter 11 cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 105(a) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"), Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 1015-1.

---

[1] Capitalized terms used but not defined herein have the meaning ascribed in the First Day Declaration.

**RELIEF REQUESTED**

4. The Debtors respectfully request entry of an order directing the joint administration of these chapter 11 cases for procedural purposes only and granting related relief.

5. In furtherance of the foregoing, the Debtors request that the official caption to be used by all parties in all papers in the jointly administered cases be as follows:

---

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLH TOPCO LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10576 (___)<br><br>(Jointly Administered) |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number are: BLH TopCo LLC (9009); BLH HoldCo LLC (7735); BLH Acquisition Co., LLC (5779); BLH Restaurant Franchises LLC (8093); and BLH White Marsh LLC (2950). The Debtors' mailing address is 15305 Dallas Parkway, 12th Floor, Addison, TX 75001.

---

6. The Debtors further request that this Court order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

7. The Debtors also request that the Court make a separate docket entry on the docket of each of the Debtors, other than BLH TopCo LLC, to reflect joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: BLH TopCo LLC, Case No. 25-10576 ( ); BLH HoldCo LLC, Case No. 25-10577( ); BLH Acquisition Co., LLC, Case No. 25-10578 ( ); BLH Restaurant Franchises LLC, Case No. 25-10579 ( ); and BLH White Marsh LLC, Case No. 25-10580 ( ). The docket in Case No. 25-10576 ( ) should be consulted for all matters affecting this case.

3

## BACKGROUND

8.  On the date hereof (the "**Petition Date**"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee of unsecured creditors has been appointed in these chapter 11 cases.

9.  The Debtors are operators and franchisors of locally themed, social gastrobars under the "Bar Louie" brand. Bar Louie gastrobars deliver a comfortable, urban atmosphere known for its signature, hand-crafted cocktails made from fresh fruit and hand-squeezed juices and with an extensive selection of traditionally and regionally inspired American food, including shareable plates, burgers and sandwiches. Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the First Day Declaration and is incorporated herein by reference.

## BASIS FOR RELIEF REQUESTED

10.  Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The five Debtor entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the

relief requested herein. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> The Court may order joint administration of related cases pending in this Court without notice and an opportunity for hearing on a motion supported by an affidavit, declaration, or verification establishing that joint administration of the cases is warranted and will ease the administrative burden for the Court and the parties. A joint administration order entered under this Local Rule (i) is procedural only and does not substantively consolidate the debtors' estates and (ii) may be reconsidered on motion of a party in interest at any time.

Del. Bankr. L.R. 1015-1.

11. Given the integrated nature of the Debtors' operations, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect each Debtor entity. The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections. Joint administration also will allow the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

12. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this Motion seeks only administrative, not substantive, consolidation of the Debtors' estates. Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases. Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## **NOTICE**

13. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of

Delaware; (c) the attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) counsel for the DIP Lender; (f) the holders of the 30 largest claims against the Debtors on a consolidated basis; and (g) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  Notice of this Motion and any order entered on this Motion will be served as required by Local Rule 9013-1(m).  The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court enter the Order substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  March 26, 2025  **RAINES FELDMAN LITTRELL LLP**
Wilmington, Delaware

*/s/ Mark W. Eckard*
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North Market Street, Suite 805
Wilmington, DE 19801
(302) 772-5803
tfrancella@raineslaw.com
meckard@raineslaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*