**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLH TOPCO LLC, *et al.*,[1] | Case No. 25-10576 (___) |
| Debtors. | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING THE DEBTORS TO FILE A CONSOLIDATED (A) CREDITOR MATRIX AND (B) TOP 30 CREDITORS LIST; (II) AUTHORIZING REDACTION OF CERTAIN PERSONAL IDENTIFICATION INFORMATION; AND (III) GRANTING RELATED RELIEF**

The debtors and debtors in possession (each, a "**Debtor**" and collectively, the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), by and through their undersigned proposed counsel, hereby move for entry of an order granting the relief described below. In support of this motion (the "**Motion**"), the Debtors rely on the *Declaration of Leslie Crook in Support of Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**")[2] filed concurrently herewith and respectfully represent as follows:

**JURISDICTION AND VENUE**

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order by the Court in connection with this Motion to

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BLH TopCo LLC (9009); BLH HoldCo LLC (7735); BLH Acquisition Co., LLC (5779); BLH Restaurant Franchises LLC (8093); and BLH White Marsh LLC (2950). The Debtors' mailing address is 15305 Dallas Parkway, 12th Floor, Addison, TX 75001.

[2]     Capitalized terms used but not defined herein have the meaning ascribed in the Motion.

the extent that it is later determined that the Court, absent such consent, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.        This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of these Chapter 11 Cases and this Motion is proper in this district under 28 U.S.C. §§ 1408 and 1409.

3.        The statutory bases for the relief requested herein are sections 105(a), 107, 363(b), and 521 of title 11 of the United States Code, as amended (the "**Bankruptcy Code**"), Rules 1007, 2002(m), 9007, and 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rules 1001-1, 1007-2, 2002-1, and 9013-1(m).

## RELIEF REQUESTED

4.        The Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A** (the "**Order**"): (a) authorizing the Debtors to file a consolidated (i) list of creditors (the "**Consolidated Creditor Matrix**") in lieu of submitting a separate mailing matrix for each Debtor and (ii) list of the Debtors' 30 largest unsecured creditors (the "**Consolidated Top 30 Creditors List**") in lieu of submitting a separate list for each Debtor; (b) authorizing the Debtors to redact certain personal identification information; and (c) granting related relief.

## BACKGROUND

5.        On the date hereof (the "**Petition Date**"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this Motion, the Debtors have filed a motion requesting joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6.      The Debtors are operators and franchisors of locally themed, social gastrobars under the "Bar Louie" brand.  Bar Louie gastrobars deliver a comfortable, urban atmosphere known for its signature, hand-crafted cocktails made from fresh fruit and hand-squeezed juices and with an extensive selection of traditionally and regionally inspired American food, including shareable plates, burgers and sandwiches.  Additional information regarding the Debtors, including their business operations, their corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the First Day Declaration and is incorporated herein by reference.

**BASIS FOR RELIEF REQUESTED**

**I.      A CONSOLIDATED CREDITOR MATRIX IS APPROPRIATE AND SHOULD BE APPROVED**

7.      Section 521(a)(1)(A) of the Bankruptcy Code requires a debtor to file a list of creditors.  11 U.S.C. § 521(a)(1)(A).  Additionally, Bankruptcy Rule 1007(a)(1) requires a debtor to file "a list containing the name and address of each entity included or to be included on Schedules D, E/F, G, and H . . . ."  Fed. R. Bank. P. 1007(a)(1).  Local Rule 2002-1(e)(v) further requires each debtor in jointly administered cases, or its duly retained claims and noticing agent, to maintain a separate creditor matrix for each debtor.  *See* Del. Bankr. L.R. 2002-1(e)(v).

8.      Local Rule 1001-1(d), however, authorizes the Court to modify the application of the Local Rules "in the interest of justice."  Del. Bankr. L.R. 1001-1(d).  Additionally, section 105(a) of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

9.      The Debtors submit that permitting them to maintain the Consolidated Creditor Matrix, in lieu of filing a separate creditor matrix for each Debtor, is warranted in the Chapter 11 Cases.  Requiring the Debtors to segregate and convert their computerized records to a Debtor-

specific creditor matrix format would be an unnecessarily burdensome task and result in duplicate mailings. Furthermore, the Debtors have filed an application to retain and employ a claims and noticing agent contemporaneously with the filing of this Motion. If such application is granted, the claims and noticing agent will assist with, among other tasks, mailing of notices to parties. The Debtors believe that the Consolidated Creditor Matrix will be sufficient to allow their claims and noticing agent to provide notice to all creditors as well as applicable parties in interest during the Chapter 11 Cases, as required by Local Rule 1007-2.

## II.   CONSOLIDATED TOP 30 CREDITORS LIST

10.    Pursuant to Bankruptcy Rule 1007(d), a debtor must file, together with its voluntary petition, a list setting forth the names, addresses, and claim amounts of the creditors, excluding insiders, who hold the 20 largest unsecured claims in the debtor's case. *See* Fed. R. Bankr. P. 1007(d). Pursuant to Del. Bankr. L.R. 1007-2(b), in jointly administered cases with a claims and noticing agent, the list required by Bankruptcy Rule 1007(d) may be consolidated for the debtors. The Debtors have contemporaneously herewith filed a motion for joint administration and will file a motion to appoint a claims and noticing agent. The Debtors, therefore, intend to proceed with a consolidated list of their top 30 creditors.

## III.   CERTAIN PERSONAL IDENTIFICATION INFORMATION CONTAINED IN THE CONSOLIDATED CREDITOR MATRIX SHOULD BE REDACTED

11.    Although the public has a common law "right of access to judicial proceedings and records[,]" *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), the Bankruptcy Code permits courts, in appropriate circumstances, to protect individuals from an undue risk of identity theft or other unlawful injury by limiting the public's access, placing papers under seal, or otherwise entering orders to prohibit the dissemination of sensitive information. *See* 11 U.S.C. § 107(c); *see also Cendant*, 260 F.3d at 194 (noting the public's right of access "is not absolute") (citation and

internal quotation marks omitted); *Leucadia, Inc. v. Applied Extrusion Tech., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993) ("Although 'the right of access is firmly entrenched, so also is the correlative principle that the right . . . is not absolute.'") (citation omitted).

12.     Specifically, section 107 of the Bankruptcy Code enables a court to issue orders that protect parties from the potential harm that could result from disclosing confidential information.  Section 107(b) of the Bankruptcy Code provides, in pertinent part, as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may protect an entity with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1); *see* Fed. R. Bankr. P. 9018 (same).

13.     Additionally, section 107(c) of the Bankruptcy Code provides:

> The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A)     Any means of identification (as defined in section 1028(d) of title 18 [of the United States Code]) contained in a paper filed, or to be filed, in a case under this title.
>
> (B)     Other information contained in a paper described in subparagraph (A).

11 U.S.C. § 107(c)(1).

14.     In addition, privacy protection laws are being enacted across the country, including in Delaware, Florida, Maryland, and New Jersey, which are among the states in which the Debtors do business.  Additionally, the State of New York and the Commonwealths of Pennsylvania and Massachusetts are considering similar consumer privacy legislation.  On January 1, 2024, the Delaware Personal Data Privacy Act ("**DPDPA**") was signed into law and requires entities to follow specific standards with respect to the collection, process, use, and disclosure of the personal

data of Delaware residents.  H.B. 154, 152nd Gen. Assemb., Reg. Sess. (Del. 2023).  Violations

of the DPDPA are governed by Delaware's consumer protection laws and can lead to fines and

penalties of up to $5,000 per violation.  Del. Code Ann. 29 § 2524(b).  Florida's Digital Bill of

Rights ("**FDBR**"), Maryland's Online Data Protection Act ("**MODPA**"), and New Jersey's Data

Privacy Act ("**NJDPA**", together with the DPDPA, FDBR, and MODPA, the "**Privacy Protection**

**Laws**") offer like protections to their residents.  Entities are expected to prepare for and begin

implementing practices, policies, and procedures to ensure compliance with their state's privacy

laws.

15.     The Debtors respectfully submit that it is appropriate to authorize the Debtors to

redact from any paper filed or to be filed with the Court in the Chapter 11 Cases the email addresses

and home addresses of the Debtors' individual creditors (including employees) and equity security

holders because disclosure risks violating the applicable privacy protection laws, now or in the

near future, thereby exposing the Debtors to potential civil liability and significant financial

penalties.  In addition, disclosing such information could be used by third parties to, among other

things, perpetrate identity theft or locate survivors of domestic violence or stalking who have

otherwise taken steps to conceal their whereabouts.  The Debtors propose to provide an unredacted

version of the Consolidated Creditor Matrix and any other redacted, applicable filings to the Court,

the U.S. Trustee, counsel to any statutory committee appointed in the Chapter 11 Cases, and other

parties in interest upon reasonable request.

16.     Courts in this jurisdiction and others have granted the relief requested herein in

other comparable chapter 11 cases.  *See*, *e.g.*, *In re Basic Fun, Inc*., Case No. 24-11432 (CTG)

(Bankr. D. Del. July 29, 2024) [Docket No. 117] (authorizing debtors to redact on the creditor

matrix, the schedules and statements, the home and email addresses of individual creditors and

equity holders); *In re One Table Restaurant Brands, LLC*, Case No. 24-11553 (KBO) (Bankr. D. Del. July 19, 2024) [Docket No. 52] (same); *In re MRRC Hold Co*., Case No. 24-11164 (CTG) (Bankr. D. Del. June 11, 2024) [Docket No. 57] (authorizing debtors to file a redacted consolidated creditors matrix, schedules and statements including the home addresses of individuals listed thereon); *In re Express, Inc*., Case No. 24-10831 (KBO) (Bankr. D. Del. Apr. 24, 2024) [Docket No. 87] (same); *In re Unconditional Love Inc*., Case No. 23-11759 (MFW) (Bankr. D. Del. Oct. 24, 2023) [Docket No. 52] (authorizing debtors to redact home addresses of any individual listed on the creditors matrix, equity holders list, the schedules and statements, and other filed documents).

17.    Courts in this district have also stressed the importance of authorizing debtors to redact individual creditors' personally identifiable information, including, in particular, home addresses.  *See, e.g., In re Art Van Furniture, LLC*, No. 20-10553 (CSS) (Bankr. D. Del. Mar. 10, 2020) [Docket No. 82] Hr'g Tr. at 25:13–16 (finding that "at this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief"); *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020) [Docket No. 146] Hr'g Tr. at 24:21–25, 25:9–10 ("The court can avoid contributing to the risk [of identity theft or personal injury] by redacting the addresses."); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019) [Docket No. 605] Hr'g Tr. at 60:22–25 ("[T]he theft of personally identifiable [information] is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld.").

18.    For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to seal, pursuant to section 107(c)(1) of the Bankruptcy Code, personally identifiable information—including email addresses and home addresses—in respect of the Debtors'

individual creditors (including employees) and interest holders who are listed on the Consolidated

Creditor Matrix, or any other document filed with the Court.  The Debtors submit that the prejudice

to any third parties from such relief is either *de minimis*, if not entirely non-extent.  Absent such

relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and

could jeopardize the safety of individuals by publishing their home addresses.

## COMPLIANCE WITH LOCAL RULE 9018-1(d)

19.     Under the circumstances, and given the nature of the relief requested herein, the

Debtors have not been and are not able to confer with the individuals whose information is

requested to be sealed and, accordingly, the Debtors submit that there is cause to excuse the

Debtors from the meet and confer obligations under Local Rule 9018-1(d)(ii).

## NOTICE

20.     The Debtors will provide notice of this Motion to: (a) the Office of the United States

Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware;

(c) the attorneys general for all states in which the Debtors conduct business; (d) the Internal

Revenue Service; (e) counsel for the DIP Lender; (f) the holders of the 30 largest claims against

the Debtors on a consolidated basis; and (g) all parties that have requested notice pursuant to

Bankruptcy Rule 2002.  Notice of this Motion and any order entered on this Motion will be served

as required by Local Rule 9013-1(m).  The Debtors respectfully submit that, in light of the nature

of the relief requested, no further notice is necessary.

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request entry of the Order granting the relief

requested herein and such other and further relief as the Court may deem just and appropriate.


Dated:  March 26, 2025                **RAINES FELDMAN LITTRELL LLP**
       Wilmington, Delaware


                             */s/ Mark W. Eckard*
                             Thomas J. Francella, Jr. (No. 3835)
                             Mark W. Eckard (No. 4542)
                             824 North Market Street, Suite 805
                             Wilmington, DE 19801
                             (302) 772-5803
                             tfrancella@raineslaw.com
                             meckard@raineslaw.com

                             *Proposed Counsel to the Debtors and Debtors in*
                             *Possession*