IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| BLH TOPCO LLC, *et al.*,[1] | Case No. 25-10576 (CTG) |
| Debtors. | (Joint Administration Requested) |

**PARTIES RECEIVING THIS MOTION SHOULD LOCATE
THEIR NAMES AND THEIR LEASES OR CONTRACTS
ON THE SCHEDULE ATTACHED AS EXHIBIT 1
TO THE PROPOSED ORDER ATTACHED HERETO**

**DEBTORS' FIRST OMNIBUS MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING (A) REJECTION OF CERTAIN UNEXPIRED LEASES
AND EXECUTORY CONTRACTS AND (B) ABANDONMENT OF CERTAIN
PERSONAL PROPERTY IN CONNECTION THEREWITH, EACH EFFECTIVE
AS OF THE PETITION DATE; AND (II) GRANTING CERTAIN RELATED RELIEF**

The debtors and debtors in possession (each, a "**Debtor**" and collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), by and through their undersigned proposed counsel, hereby move for entry of an order granting the relief described below. In support of this motion (the "**Motion**"), the Debtors rely on the *Declaration of Leslie Crook in Support of the Chapter 11 Petitions and First Day Pleadings* (the "**First Day Declaration**")[2] filed concurrently herewith and respectfully represent as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BLH TopCo LLC (9009); BLH HoldCo LLC (7735); BLH Acquisition Co., LLC (5779); BLH Restaurant Franchises LLC (8093); and BLH White Marsh LLC (2950). The Debtors' mailing address is 15305 Dallas Parkway, 12th Floor, Addison, TX 75001.

[2] Capitalized terms used but not defined herein have the meaning ascribed in the First Day Declaration.

1

**RELIEF REQUESTED**

1.     The Debtors respectfully request entry of an order, in the form attached hereto as **Exhibit A** (the "**Proposed Order**"), (i) authorizing (a) rejection of the unexpired leases of nonresidential real property (each a "**Lease**" and, collectively, the "**Leases**") and executory contracts (each a "**Contract**" and, collectively, the "**Contracts**") set forth on Exhibit 1 to the Proposed Order (the "**Rejection Schedule**"), and (b) abandonment of certain Personal Property (as defined below) in connection therewith, such rejection and abandonment of Leases and Personal Property effective as of the Petition Date (as defined below); and (ii) granting certain related relief.  The Debtors also request that the deadline to file a proof of claim with respect to any claim for damages arising from the rejection of a Lease or Contract be the date fixed by this Court as the deadline for other general unsecured proofs of claim, if any.

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  Pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), the Debtors confirm their consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent later determined that the Court, absent such consent, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).   Venue is proper in this district under 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief sought herein are sections 365(a) and 554(a) of title 11 of the United States Code, as amended (the "**Bankruptcy Code**") and Rules 6006 and 6007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

### I.    THE CHAPTER 11 CASES

5. On the date hereof (the "**Petition Date**"), each Debtor filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). No trustee, examiner, or official committee of unsecured creditors has been appointed in these Chapter 11 Cases.

6. The Debtors are operators and franchisors of locally themed, social gastrobars under the "Bar Louie" brand. Bar Louie gastobars deliver a comfortable, urban atmosphere known for its signature, hand-crafted cocktails made from fresh fruit and hand-squeezed juices and with an extensive selection of traditionally and regionally inspired American food, including shareable plates, burgers and sandwiches. Additional information regarding the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these Chapter 11 Cases, is set forth in the First Day Declaration and is incorporated herein by reference.

### II.    THE LEASES

7. In the months leading up to the Petition Date and as part of their prepetition restructuring and sales efforts, the Debtors, together with their advisors, conducted an extensive review of their nonresidential real property leases. As part of that analysis, the Debtors considered,

among other things, the historical and projected revenue and profits of each restaurant, and how a particular restaurant fits within the optimal footprint for a go-forward business. The Leases identified on the Rejection Schedule are for restaurants determined to be underperforming or unprofitable. The Debtors have determined that the costs of the Leases outweigh any marginal benefits that could possibly be achieved from assignments or subleases of the Leases.

8. For each of the Leases, the Debtors have already ceased operations at and have surrendered the premises (the "**Premises**") to the applicable landlord (each, a "**Landlord**" and, collectively, the "**Landlords**"). The Debtors have sent or otherwise returned any keys, key codes, or alarm codes for the applicable surrendered Premises to the affected Landlords.

### III. THE CONTRACTS

9. The Debtors also conducted a comprehensive review of their workforce and employment agreements. As part of this evaluation, the Debtors considered the operational requirements of the business moving forward, the current and projected staffing needs, and the roles of each employee under the respective agreements. The Debtors have determined, in their business judgment, that there is no longer a need for, or benefit to, the Debtors or their estates to maintain the employment agreements identified on the Rejection Schedule. For each of the Contracts, the applicable counterparty (collectively, the "**Counterparties**") has either been separated from the Debtors or has entered into a revised agreement with the Debtors prior to the commencement of these Chapter 11 Cases. Out of an abundance of caution, the Debtors seek to reject the Contracts effective as of the Petition Date to avoid the potential accrual of any further obligations under these Contracts, and to avoid unnecessary litigation, so as to ensure that avoidable financial burdens are not imposed on the Debtors' estates and their creditors.

<06>

<06>

### IV. ABANDONMENT OF PERSONAL PROPERTY REMAINING AT THE PREMISES

10. Some personal property, consisting primarily of miscellaneous inventory (e.g., ingredients and food packaging), fixtures, furniture, advertising displays, or other restaurant equipment, may remain at certain of the Premises (collectively, the "**Personal Property**") as of the Petition Date. The Debtors have evaluated such Personal Property and have determined that (a) it is of inconsequential value or (b) the cost of removing and storing the Personal Property for future use, marketing, or sale exceeds the value of the Personal Property to the Debtors' estates. Accordingly, to reduce postpetition administrative costs and, in the exercise of the Debtors' sound business judgment, the Debtors believe that the abandonment of any Personal Property that may be located at each of the Premises as of the Petition Date is appropriate and in the best interests of the Debtors, their estates, and their creditors.

## BASIS FOR RELIEF REQUESTED

### I. REJECTION OF THE LEASES AND CONTRACTS ARE IN THE BEST INTERESTS OF THE DEBTORS AND THE ESTATES AND SHOULD BE APPROVED

11. Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a); *see also NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 521 (1984). "The purpose behind allowing assumption or rejection . . . is to permit the trustee or debtor-in-possession to use valuable property of the estate and to 'renounce title to and abandon burdensome property.'" *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1098 (2d Cir. 1993) (citation omitted).

12. Courts defer to a debtor's business judgment in rejecting an executory contract (or unexpired lease), and upon finding that a debtor has exercised its sound business judgment,

approve the rejection under section 365(a) of the Bankruptcy Code. *See Bildisco*, 465 U.S. at 523 ("business judgment" standard is applied by court when approving rejection of executory contracts); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (D. Del. 1995). Application of the business judgment standard requires a court to approve a debtor's business decision unless the decision is the product of bad faith, whim, or caprice. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39-40 (3d Cir. 1989) (rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate); *In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001) ("A debtor's decision to reject . . . must be summarily affirmed unless it is the product of 'bad faith, or whim or caprice.'") (citation omitted); *see also Lubrizol Enters., Inc. v. Richmond Metal Finishers, Inc.*, 756 F.2d 1043, 1047 (4th Cir. 1985); *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D. Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13. The Debtors have determined that the Leases are no longer necessary for, or beneficial to, their businesses, and create unnecessary and burdensome expenses for their estates. The Debtors have no current opportunities to assign the Leases and their related obligations, in particular to pay postpetition rent, real estate taxes, utilities, insurance, and other related charges for vacant premises, eliminate any potential value of the Leases for the Debtors' estates, including any potential value from an assignment or sublease. Accordingly, the Leases are not advantageous assets for the Debtors and should be rejected to eliminate further financial burden and postpetition administrative costs to the estates.

14.     As for the Contracts, the Debtors have determined that the services provided or the obligations thereunder are no longer aligned with the Debtors' restructuring and downsizing efforts. While the Debtors recognize the value these Contracts once provided, the Debtors now seek to move in a different direction to optimize their operations. The continued accrual of expenses or potential liabilities under these Contracts, is no longer in the best interests of the Debtors' estates. Accordingly, the Contracts should be rejected to avoid unnecessary litigation and to eliminate unnecessary financial burdens and postpetition administrative costs.

## II.    RETROACTIVE REJECTION OF THE LEASES AND CONTRACTS ARE APPROPRIATE

15.     Pursuant to section 365 of the Bankruptcy Code, the Debtors request authorization to reject the Leases and Contracts as of the Petition Date. The retroactive rejection of executory contracts and unexpired leases is appropriate when the principles of equity so dictate. *Thinking Machs. Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machs. Corp.)*, 67 F.3d 1021, 1028 (1st Cir. 1995); *In re Rupari Holding Corp.*, No. 17-10793 (KJC), 2017 WL 5903498, at *6 (Bankr. D. Del. Nov. 28. 2017) (courts may approve retroactive rejection of executory contracts "'after balancing the equities' of a case and concluding that such equities weigh in favor of the debtor") (quoting *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004)).

### A. The Leases

16.     With respect to real property leases, this Court has found it appropriate to grant retroactive rejection if (i) the debtor has vacated the locations related to the rejected leases and/or notified the affected landlords that the debtor does not intend to further occupy the locations; (ii) the debtor has served notice of the motion on the landlords on the next business day following the filing date; (iii) the official committee of unsecured creditors, to the extent one is appointed, has consented to the relief requested in the motion; and (iv) the debtor will not withdraw any of the

rejected leases from the rejection motion absent the consent of the respective landlord. *See In re Namco Cybertainment, Inc.*, Case No. 98-00173 (Bankr. D. Del. April 15, 1998) (Walsh, J.); *see also Adelphia Bus. Solutions, Inc. v. Abnos*, 482 F.3d 602, 608–09 (2d Cir. 2007) (affirming retroactive rejection of leases where the debtor/tenant vacated the premises); *In re At Home Corp.*, 392 F.3d 1064, 1065–66 (9th Cir. 2004) (holding "that a bankruptcy court may approve retroactively the rejection of an unexpired nonresidential lease"); *BP Energy Co. v. Bethlehem Steel Corp.*, 2002 WL 31548723, at *3 (S.D.N.Y. Nov. 15, 2002) ("[W]e cannot conclude . . . that a bankruptcy court's assignment of a retroactive rejection date falls outside of its authority when the balance of the equities favors this solution."); *see also In re CCI Wireless, LLC*, 297 B.R. 133, 140 (D. Colo. 2003) (holding that a "court has authority under section 365(d)(3) to set the effective date of rejection at least as early as the filing date of the motion to reject").

17.  As set forth above, with respect to the Leases to be rejected as of the Petition Date, the Debtors have already sent a written notice of surrender to each applicable Landlord under the Leases stating that such landlord may enter and re-let the Premises, and, where feasible, the Debtors have sent, returned, or otherwise made available to the landlord any keys, key codes, and alarm codes to the applicable Premises. Further, by this Motion, the Landlords are receiving notice of the Debtors' intention to reject the Leases. Contemporaneously with the filing of this Motion, the Debtors will cause notice of this Motion to be served on the Landlords, thereby allowing each party sufficient opportunity to respond accordingly. The Debtors have sought the relief requested at the earliest possible moment in these Chapter 11 Cases and do not seek to reject the Leases effective as of the Petition Date due to any undue delay on their own part. Thus, the Landlords will not be unduly prejudiced if the rejection is deemed effective as of the Petition Date. In addition, an order approving rejection of the Leases as of the Petition Date will expedite the

Debtors' relief from onerous rental obligations and is fair and equitable to all parties given that the Debtors have already surrendered the Premises to the applicable Landlords.

18.     Permitting the retroactive rejection of leases to the Petition Date is also consistent with prior rulings in this district.  *See In re MRRC Hold Co.*, Case No. 24-11164 (CTG) (Bankr. D. Del. July 8, 2024) [Docket No. 155]; *In re PGX Holdings, Inc.,* Case No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) [Docket No. 216] (authorizing rejection of unexpired leases effective as of the petition date); *In re BL Restaurants Holding, LLC,* Case No. 20-10156 (MFW) (Bankr. D. Del. Feb. 28, 2020) [Docket No. 225] (authorizing rejection of leases as of the petition date); *In re HRI Holding Corp.*, Case No. 19-12415 (MFW) (Bankr. D. Del. Dec. 5, 2019) [Docket No. 160] (same); *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) [Docket No. 329] (same); *In re RUI Holding Corp.*, Case No. 19-11509 (KG) (Bankr. D. Del. Aug. 6, 2019) [Docket No. 111] (same).

### B.  The Contracts

19.     With respect to the Contracts, principles of equity support rejection as of the Petition Date.  As of the Petition Date, the Contracts no longer provide value or benefit to the Debtors' estates.  Retroactive rejection will not harm the Counterparties because, for those who have been separated from the Debtors, they will retain the right to file a proof of claim for any unpaid wages, severance, or benefits, ensuring their compensation is addressed through the bankruptcy process, while others have entered into revised agreements with the Debtors.  On the other hand, retroactive rejection is in the interests of the Debtors' estates and their creditors. Retroactive rejection will facilitate the Debtors' efforts to streamline their operations and eliminate unnecessary administrative costs for the benefit of the estates and creditors.

### III. ABANDONMENT OF THE PERSONAL PROPERTY AS OF THE PETITION DATE IS APPROPRIATE

20. The Debtors also request that the Personal Property remaining at the Premises be deemed abandoned as of the Petition Date. The Personal Property is of inconsequential value or benefit to the Debtors' estates, and the Debtors have determined that any benefits of removing such Personal Property would be outweighed by the attendant removal, storage, and carrying costs.

21. The abandonment of the Personal Property is appropriate and authorized by the Bankruptcy Code. *See* 11 U.S.C. § 554(a). Section 554(a) provides that "[a]fter notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." *Id.* The right to abandon property is, except for certain exceptions inapplicable in the present case, unfettered. *Midlantic Nat'l Bank v. N.J. Dep't of Envtl. Prot.*, 474 U.S. 494, 506-07 (1986) (noting one such exception and holding that section 554(a) does not preempt state laws aimed at protecting the public's health and safety). Courts generally give a debtor in possession great deference to its decision to abandon property. *See, e.g.*, *In re HRI Holding Corp.*, Case No. 19-12415 (MFW) (Bankr. D. Del. Dec. 5, 2019) [Docket No. 160] (allowing debtor to abandon property); *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) [Docket No. 329] (same); *In re RUI Holding Corp.*, Case No. 19-11509 (JTD) (Bankr. D. Del. Aug. 6, 2019) [Docket No. 111] (same); *In re Vel Rey Props., Inc.*, 174 B.R. 859, 867 (Bankr. D.D.C. 1994) ("Clearly, the court should give deference to the trustee's judgment in such matters."). Unless certain property is harmful to the public, once a debtor has shown that it is burdensome or of inconsequential value to the estate, a court should approve the abandonment. *Id.* As set forth in the Proposed Order, any Landlord or other designee will be free to dispose of any Personal Property remaining as of the Petition Date without notice

or liability to any party. As such, abandonment of any Personal Property remaining at the Premises as of the Petition Date should be approved.

22. Courts in this jurisdiction have approved relief similar to the relief requested herein. *See, e.g., In re MRRC Hold Co.*, Case No. 24-11164 (CTG) (Bankr. D. Del. July 8, 2024) [Docket No. 155]; *In re PGX Holdings, Inc.*, Case No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) [Docket No. 216] (authorizing, but not directing, the debtors to abandon personal property that may be located at the debtors' leased premises that are subject to a rejected lease); *In re Highpoint Resources Corp.*, Case No. 21-10565 (CSS) (Bankr. D. Del. March 31, 2021) [Docket No. 152] (same); *In re Bluestem Brands, Inc.*, Case No. 20-10566 (MFW) (Bankr. D. Del. Apr. 15, 2020) [Docket No. 282] (same); *In re BL Restaurants Holding, LLC*, Case No. 20-10156 (MFW) (Bankr. D. Del. Feb. 28, 2020) [Docket No. 225] (authorizing abandonment of certain equipment, fixtures, furniture, or other personal property that may be located at the premises of the Debtors' leased locations subject to rejection); *In re Forever 21, Inc.*, Case No. 19-12122 (KG) (Bankr. D. Del. Oct. 28, 2019) [Docket No. 329] (same); *In re RUI Holding Corp.*, Case No. 19-11509 (JTD) (Bankr. D. Del. Aug. 6, 2019) [Docket No. 111] (same).

## **NOTICE**

23. The Debtors will provide notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; (b) the United States Attorney for the District of Delaware; (c) the attorneys general for all states in which the Debtors conduct business; (d) the Internal Revenue Service; (e) counsel for the DIP Lender; (f) the holders of the 30 largest claims against the Debtors on a consolidated basis; (g) all parties that have requested notice pursuant to Bankruptcy Rule 2002; and (h) all counterparties to the Leases and the Contracts. Notice of this Motion and any order entered on this Motion will be served as required by Local Rule 9013-1(m).

The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that this Court enter the Order, substantially in the form attached hereto as **Exhibit A**, respectively, granting the relief requested herein and such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: March 26, 2025<br>Wilmington, Delaware | **RAINES FELDMAN LITTRELL LLP**<br><br> */s/ Mark W. Eckard*<br>Thomas J. Francella, Jr. (No. 3835)<br>Mark W. Eckard (No. 4542)<br>824 North Market Street, Suite 805<br>Wilmington, DE 19801<br>(302) 772-5803<br>tfrancella@raineslaw.com<br>meckard@raineslaw.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |