**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLH TOPCO LLC, *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10576 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: June 12, 2025, at 1:30 p.m. (ET)**<br>**Obj. Deadline: June 5, 2025, at 4:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ORDER (I) APPROVING PROCEDURES FOR DE MINIMIS ASSET SALES AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") in these chapter 11 cases (these "**Cases**"), by and through their undersigned counsel file this *Motion for Order (I) Approving Procedures for De Minimis Asset Sales and (II) Granting Related Relief* (the "Motion"). In support of the Motion, the Debtors respectfully represent as follows:

**JURISDICTION AND VENUE**

1. The United States Bankruptcy Court for the District of Delaware (the "**Court**") has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409(a).

2. The bases for the relief requested herein are sections 105dd, 363, 1107, 1108, and 1112 of title 11 of the United States Code, (the "**Bankruptcy Code**"), Rules 6003 and 6004 of the Federal Rules of the Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9013-1 of the Local Rules for the United

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BLH TopCo LLC (9009); BLH HoldCo LLC (7735); BLH Acquisition Co., LLC (5779); BLH Restaurant Franchises LLC (8093); and BLH White Marsh LLC (2950). The Debtors' mailing address is 15305 Dallas Parkway, 12th Floor, Addison, TX 75001.

States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

3. On March 26, 2025 (the "**Petition Date**"), each of the Debtors filed a voluntary petition for relief pursuant to chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases. On April 11, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors [D.I. 66] (the "**Committee**").

4. These Cases are jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and the *Order Directing Joint Administration of Related Chapter 11 Cases and Granting Related Relief* [D.I. 30], entered in each of the Debtors' chapter 11 cases.

5. The Debtors are operators and franchisors of locally themed, social gastrobars under the "Bar Louie" brand. Bar Louie gastrobars deliver a comfortable, urban atmosphere known for its signature, hand-crafted cocktails made from fresh fruit and hand-squeezed juices and with an extensive selection of traditionally and regionally inspired American food, including shareable plates, burgers and sandwiches. Additional information regarding the Debtors, including their business operations, corporate and capital structure, and the events leading to the filing of these Cases, is set forth in the *Declaration of Leslie Crook in Support of Chapter 11 Petitions and First Day Pleadings* [D.I. 15] (the "**First Day Declaration**") and is incorporated herein by reference.[2]

[2] Capitalized terms not defined herein have the meanings given to them in the First Day Declaration.

## RELIEF REQUESTED

6. The Debtors have identified certain property that is obsolete, excessive, or burdensome, and the Debtors anticipate identifying additional property that is obsolete, excessive, or burdensome (the "**De Minimis Assets**"). The Debtors respectfully request the entry of an order, pursuant to sections 105(a) and 363 of the Bankruptcy Code, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to sell any De Minimis Assets with de minimis value, free and clear of liens, claims, interests, and encumbrances, subject to the procedures outlined below.

## SALE PROCEDURES

7. The Debtors request authority to, from time-to-time, sell De Minimis Assets for consideration not to exceed $200,000 per transaction, free and clear of any and all claims, liens, interests, or encumbrances of any kind or nature whatsoever (collectively, "Liens") on such assets.

8. If the consideration for a particular sale of De Minimis Assets does not exceed $75,000, the Debtors seek authorization to consummate such sale without further notice to any party other than by filing a report of sale with this Court upon completion of the sale.

9. For sales of De Minimis Assets where the purchase price for such assets exceeds $75,000 but is less than $200,000, the Debtors seek authorization to consummate such sale pursuant to the following procedures (collectively, the "**De Minimis Asset Sale Procedures**"):

a. The Debtors shall give written notice of the proposed sale (the "**Sale Notice**") to: (i) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (ii) counsel for the Committee; (iii) counsel to the DIP Lender; and (iv) any entity with a particularized interest in the asset(s) to be sold (each, a "**Notice Party**" and collectively, the "**Notice Parties**").

b. The Sale Notice will be served on the Notice Parties *via* email and shall specify (i) the identification of the De Minimis Assets being sold; (ii) the identities of the seller and the proposed purchaser; and (iii) the purchase price.

c. The Notice Parties will have the right to object to any such proposed sale of De

Minimis Assets by notifying the Debtors in writing of such objection without the need to file a formal objection with the Court (the "**Objection Notice**"), **not later than 5:00 p.m. (Prevailing Eastern Time) on the seventh (7th) calendar day after the date of service of the Sale Notice or Amended Sale Notice, as applicable**, by the Debtors (the "**Notice Period**"), *via* hand delivery, overnight mail or email to counsel for the Debtors, Raines Feldman Littrell LLP, 824 North Market Street, Suite 805, Wilmington, DE 19801 (Attn: Thomas J. Francella, Jr. (tfrancella@raineslaw.com) and Mark W. Eckard (meckard@raineslaw.com)) Each Objection Notice must state with specificity the grounds for the objection. The Debtors shall promptly notify the Notice Parties of any Objection Notice they receive (with email being sufficient).

d. If no written objection is received by the Debtors **by 5:00 p.m. eastern time on the seventh (7th) day following the Sale Notice**, the Debtors shall be authorized, without further notice and without further Court approval, to immediately consummate the proposed sale transaction, and any entities having a Lien on the property sold shall be deemed to have consented to the sale. In addition, the applicable Debtor may consummate a proposed sale prior to the expiration of the applicable Notice Period if each Notice Party consents in writing (with email being sufficient) to the proposed transaction. Upon either (i) the expiration of the Notice Period without the receipt of any objection or (ii) the written consent of the Notice Parties, the proposed sale will be deemed final and fully authorized by the Court.

e. If the terms of a proposed sale or transaction are materially amended after the transmittal of the Sale Notice, the Debtors will transmit an amended Sale Notice (an "**Amended Sale Notice**") to the Notice Parties, after which the Notice Parties shall have an additional seven (7) calendar days to object to such sale or other disposition prior to closing such sale or effectuating such transaction; provided, that, for the avoidance of doubt, any change to the purchase price in connection with any sale or any change in retained liabilities of the Debtors in connection therewith shall be deemed material.

f. If a Notice Party provides a timely written objection to the proposed transaction, the Debtors and such objecting Notice Party shall use good faith efforts to consensually resolve the objection. If the objection is resolved, the Debtors shall be authorized to consummate the proposed sale transaction, and any entities having a Lien on the property sold shall be deemed to have consented to the sale. If the Debtors and the objecting Notice Party are unable to reach a consensual resolution, the Notice Party shall have five (5) business days after being notified in writing by the Debtors that the objection has not been resolved to file a formal objection, and the matter shall be resolved by the Court (or by withdrawal of the formal objection) prior to the closing of the transaction at a hearing to be scheduled as soon as reasonably practicable and in accordance with the Court's calendar.

g. As soon as practicable after each sale of De Minimis Assets, the Debtors will file a report of sale in accordance with Rule 6004(f)(1).

## **BASIS FOR RELIEF**

10. In connection with the day-to-day operation of their businesses, the Debtors have accumulated certain miscellaneous De Minimis Assets, including, but not limited to, liquor licenses, restaurant furniture, computer and other restaurant related equipment, spare or other unusable parts and inventory, and various other personal property. In the exercise of their sound business judgment, the Debtors have determined that the prompt sale of De Minimis Assets without the need for further Court approval is in the best interests of their estates and creditors because it will maximize recoveries by reducing administrative expenses in connection therewith and conserve the resources of both this Court and the Debtors by avoiding the need for serial motions to approve sales which fall below a certain value threshold. Accordingly, by this Motion, the Debtors seek approval of the procedures described above to complete the sale of De Minimis Assets on an expedited basis without the need for obtaining further Court approval, so long as the transaction and notice thereof fall within the parameters described below.

11. Section 363(b)(1) of the Bankruptcy Code provides that a trustee or debtor in possession may, after notice and a hearing, sell property of the estate outside of the ordinary course of business. 11 U.S.C. § 363(b)(1). The use, sale, or lease of property of the estate, other than in the ordinary course of business, is permitted if there is a "sound business purpose" that justifies the requested transaction. *See, e.g., Meyers v. Martin* (*In re Martin*), 91 F.3d 389, 395 (3d Cir. 1996) (citing *In re Schipper*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Chateaugay Corp.*, 973 F.2d 141, 143 (2d Cir. 1992); *Stephen Indus., Inc. v. McClung*, 789 F.2d 386, 389-90 (6th Cir. 1986); *Comm. of Equity Sec. Holders v. Lionel Corp.* (*In re Lionel Corp.*), 722 F.2d 1063, 1071 (2d Cir. 1983); *In re Delaware & Hudson Ry. Co.*, 124 B.R. 169, 176 (D. Del. 1991). In essence, this inquiry

amounts to a "business judgment test." *Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (D. Del. 1999).

12. Courts typically consider the following factors in determining whether a proposed sale satisfies this standard: (a) whether a sound business justification exists for the sale; (b) whether adequate and reasonable notice of the sale was provided to interested parties; (c) whether the sale will produce a fair and reasonable price for the property; and (d) whether the parties have acted in good faith. *See In re Decora Indus., Inc.*, 2002 WL 32332749, at *2 (D. Del. May 20, 2002) (citing *In re Delaware & Hudson Ry. Co.*, 124 B.R. at 176). Where a debtor demonstrates a valid business justification for a decision, it is presumed that "in making a business decision the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *In re Integrated Res., Inc.*, 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting *Smith v. Van Gorkom*, 488 A.2d 858, 872 (Del. 1985)).

13. The Debtors have determined, in the exercise of their business judgment, that the De Minimis Assets are no longer of use to the Debtors and that the sale of De Minimis Assets will generate funds for the Debtors' estates. Furthermore, the sale of De Minimis Assets will reduce the Debtors' costs associated with storing De Minimis Assets or moving them to other locations. The Debtors have determined that the sale of De Minimis Assets, in accordance with the sale procedures described above, will enable the Debtors to realize maximum value and, therefore, is in the best interests of the Debtors' estates and their creditors.

14. The Debtors have determined that it is in the best interests of their estates and creditors to sell the De Minimis Assets in accordance with the proposed procedures to avoid the unnecessary expenses that would otherwise be incurred if they had to seek approval of such sales separately. The Debtors believe that the proceeds generated by a sale of De Minimis Assets with

de minimis value does not warrant incurring such expenses. As such, the Debtors submit that the sale procedures set forth above are fair and appropriate; the procedures balance the need for a reduction of burdensome costs to the Debtors' estates with the desire of the parties most interested in these transactions for notice and an opportunity to object.

15. Section 363(f) of the Bankruptcy Code provides that a debtor in possession may sell a debtor's property free and clear of an interest in such property if: (1) such a sale is permitted under applicable non-bankruptcy law; (2) the party asserting such interest consents to such sale; (3) the interest is a lien and the purchase price for the property is greater than the aggregate amount of all liens on the property; (4) the interest is the subject of a *bona fide* dispute; or (5) the party asserting such interest could be compelled, in a legal or equitable proceeding, to accept a money satisfaction for such interest. 11 U.S.C. § 363(f); *In re Kellstrom Indus., Inc.*, 282 B.R. 787, 793 (Bankr. D. Del. 2002) ("Section 363(f) is written in the disjunctive, not the conjunctive, and if any of the five conditions are met, the debtor has the authority to conduct the sale free and clear of all liens.").d

16. Similar relief to the relief requested in this Motion has been granted in this and other jurisdictions. *See e.g., In re Fisker Inc.*, No. 24-11390 (TMH) (Bankr. D. Del. Aug. 15, 2024) [D.I. 277] (approving free and clear sales pursuant to miscellaneous sale procedures); *In re Cano Health, Inc.*, Case No. 24- 10164 (KBO) (Bankr. D. Del. Apr. 15, 2024) [D.I. 648] (same); *In re Peer Street, Inc.*, Case No. 23010815 (LSS) (Bankr. D. Del. Nov. 29, 2023) [D.I. 647] (same); *In re Yellow Corp*., Case No. 23-11069 (CTG) (Bankr. D. Del. Sept. 14, 2023) [D.I. 551] (same); *In re Amyris, Inc.*, Case No. Case 23-11131 (TMH) (Bankr. D. Del. Sept. 8, 2023) [D.I. 205] (same); *In re AeroFarms, Inc.*, Case No. 23-10737 (MFW) (Bankr. D. Del. Aug. 23, 2023) [D.I. 284] (same); *In re Red Lobster Management LLC*, Case No. 24-02486 (GER) (Bankr. M.D. Fla.

May 19, 2024) [D.I. 626] (same).

17. For the foregoing reasons, the Debtors respectfully submit that the relief requested in this Motion is appropriate and in the best interests of their estates and creditors.

**WAIVER OF ANY APPLICABLE STAY**

18. The Debtors seek a waiver of any stay of the effectiveness of the order granting this Motion. Pursuant to Bankruptcy Rule 6004(h), any "order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." The Debtors submit that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtors for the reasons set forth herein. Accordingly, the Debtors submit that ample cause exists to justify a waiver of the fourteen-day stay imposed by Bankruptcy Rule 6004(h), to the extent applicable.

**NOTICE**

19. The Debtors will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; (b) counsel for the DIP Lender; (c) counsel for the Committee; and (d) all parties that have requested notice pursuant to Bankruptcy Rule 2002. The Debtors respectfully submit that, in light of the nature of the relief requested, no further notice is necessary.

**NO PRIOR REQUEST**

20. No prior request for the relief sought in this Motion has been made to this or any other court.

## CONCLUSION

WHEREFORE, the Debtors request this Court enter an order, substantially in the form of **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

Dated: May 29, 2025

**RAINES FELDMAN LITTRELL LLP**

*/s/ Mark W. Eckard*
Thomas J. Francella, Jr. (No. 3835)
Mark W. Eckard (No. 4542)
824 North Market Street, Suite 805
Wilmington, DE 19801
(302) 772-5803
tfrancella@raineslaw.com
meckard@raineslaw.com

*Counsel to the Debtors and Debtors in Possession*