# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>BLH TOPCO LLC, *et al.*[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10576 (CTG)<br><br>(Jointly Administered)<br><br>Re: Docket No. 232 |

### LIMITED OBJECTION OF KRG ASHBURN LOUDOUN, LLC TO MODIFIED FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND JOINT CHAPTER 11 PLAN OF REORGANIZATION

KRG Ashburn Loudoun, LLC (a/k/a One Loudoun Downtown, LLC) ("Landlord"), by and through its undersigned counsel, Kelley Drye & Warren LLP and Law Office of Susan E. Kaufman, LLC, hereby submits this limited objection (the "Limited Objection") to the Debtors' (i) *Modified First Amended Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization* (the "Plan"),[2] and (ii) *Notice of Filing of Plan Supplement – List of Assumed Executory Contracts and Unexpired Leases* (as amended, modified, or revised, the "List of Assumed Leases").[3] In support of this Limited Objection, Landlord respectfully states as follows:

### PRELIMINARY STATEMENT

1. Landlord supports the Debtors' efforts to restructure their balance sheets to emerge from chapter 11 as a healthier, go-forward company, but object to the terms of the proposed

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BLH TopCo LLC (9009); BLH HoldCo LLC (7735); BLH Acquisition Co., LLC (5779); BLH Restaurant Franchises LLC (8093); and BLH White Marsh LLC (2950). The Debtors' mailing address is 15305 Dallas Parkway, 12th Floor, Addison, TX 75001.

[2] Docket No. 232.

[3] Docket Nos. 251, 278.

Plan that cut off the obligations to cure all defaults under the Lease, including amounts accrued but not yet due under the Lease, and that extinguish Landlord's rights of setoff.

2.  In addition, the Debtors have indicated they will assume the Lease for the location they rent from Landlord, but propose a cure amount that does not include all amounts due and owing under the Lease. In connection with the potential assumption of the Lease, the Debtors must be required to pay the cure amount set forth below.

3.  Landlord, through counsel, has engaged in negotiations with the Debtors in an effort to resolve the issues raised in this Objection and will continue to work with the Debtors prior to the hearing to address Landlord's Plan objections and reconcile the proposed cure amount consensually.

## BACKGROUND

### I.    General Background

4.  Landlord is the owner, affiliate, or managing agent of the owner of the shopping center where the Debtors lease retail space pursuant to a written lease (the "Lease") for the restaurant located at 20586 Easthampton Plz, Ashburn, VA 20147 (collectively, the "Leased Premises"). The Lease is a lease "of real property in a shopping center" as that term is used in Section 365(b)(3).[4]

5.  On March 26, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq.* (the "Bankruptcy Code") with this Court. Since the Petition Date, the Debtors have continued to

---

[4]    *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

## II.     Case and Plan Background

6.     On May 23, 2025, the Debtors filed their *Combined Disclosure Statement and Joint Chapter 11 Plan of Reorganization*.[5] On June 16, 2025, and June 25, 2025, the Debtors filed amended and modified versions of the Plan.[6]

7.     On July 14, 2025, the Debtors filed the List of Assumed Leases, which was amended on July 25, 2025.[7] The List of Assumed Leases indicated the Debtors' intention to seek to assume certain unexpired leases of non-residential real property, including the Lease, pursuant to the Plan.[8] The List of Assumed Leases includes, among others, a proposed cure amount for the Lease of $9,924.18.[9]

## LIMITED OBJECTION

### I.     The Debtors' Proposed Cure Amounts Are Incorrect

8.     Landlord disputes the Debtors' proposed cure amount. The correct cure amount is $27,378.66, which includes an estimate of attorneys' fees incurred to date. Landlord reserves the right to amend the cure amounts to include additional fees and expenses which continue to accrue and any other obligations that arise and/or become known to Landlord prior to assumption of the Lease.

---

[5] Docket No. 173.
[6] Docket Nos. 216, 232.
[7] Docket Nos. 251, 278.
[8] *Id.*
[9] *Id.*

9. Prior to assumption of the Lease, the Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Attorneys' fees due under the Lease are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494-96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enterprises, Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary losses, Landlord is entitled to attorneys' fees in connection with the Debtors' obligation to cure all monetary defaults under the Lease.

## II. The Debtors or Reorganized Debtors Should be Responsible for All Post-Effective Date Obligations Under the Assumed Leases, Whether Those Obligations Accrued Before or After the Effective Date

10. Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption of a shopping center lease "is subject to all the provisions thereof . . ." 11 U.S.C. § 365(b)(3)(C). Bankruptcy courts have described the assumption of an unexpired lease as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g., In re CellNet Data Systems, Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

11. As adequate assurance of future performance under the Lease, the Debtors or the Reorganized Debtors must be responsible for satisfying any amounts due under the Lease, such as year-end adjustments of rent-related charges, including, without limitation, adjustments for calendar years 2024 and 2025, which have not yet been billed or have not yet become due under the terms of the Lease.

12. Article VII.3. of the Plan appears to provide for an improper release of claims held by Landlord in connection with its assumed Lease. The Plan provides, in relevant part:

> Assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall result in the full release and satisfaction of any defaults, whether monetary or nonmonetary, including defaults of provisions restricting the change in control or ownership interest composition or other bankruptcy-related defaults, arising under any assumed Executory Contract or Unexpired Lease at any time prior to the effective date of assumption. For the avoidance of doubt, assumption of any Executory Contract or Unexpired Lease pursuant to the Plan or otherwise shall not override or otherwise release any indemnification obligations in such Executory Contract or Unexpired Lease. Any Proof of Claim filed with respect to an Executory Contract or Unexpired Lease that has been assumed shall be deemed disallowed.

13. Consequently, the Plan is unclear as to whether confirmation will be without prejudice to the rights of landlords with assumed leases to be able to pursue any and all claims they may have against the Debtors with respect to the assumed leases after confirmation.

14. Therefore, Landlord respectfully requests that the Plan be modified to obligate the Debtors or the Reorganized Debtors, upon assumption of a Lease, to satisfy any accrued but unbilled amounts under the Lease including, but not limited to, common area maintenance charges, taxes, and year-end adjustments, regardless of whether such amounts arose before or after the Effective Date and be released only upon payment of the applicable Cure Amount owed at each location. As part of the ongoing negotiations, counsel to the Landlord is analyzing language provided by counsel to the Debtors to address this concern.

**III. Confirmation of the Plan Should Neither Impair nor Diminish Landlord's Setoff Rights Pursuant to the Bargained-For Protections in Its Lease**

15. Confirmation of the Plan cannot and should not abrogate a creditor's setoff right. According to section 553(a) of the Bankruptcy Code, "[e]xcept as otherwise provided in

5

this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset" mutual pre-petition debts. 11 U.S.C. § 553(a). Section 553 takes precedence over the discharge provided by section 1141 and confirmation of a chapter 11 plan does not abrogate a party's setoff rights. *In re De Laurentiis Entertainment Group, Inc.*, 963 F.2d 1269, 1274-1277 (9th Cir. 1992); *see also In re Luongo*, 259 F.3d 323, 333 (5th Cir. 2001); *In re Davidovich*, 901 F.2d 1533, 1539 (10th Cir. 1990).

16. Notwithstanding the language of section 553, certain courts have held that a right of setoff can be waived by failure to object to a plan of reorganization that specifically seeks to prohibit the exercise of setoff. *See*, *e.g.*, *In re Continental Airlines, Inc.*, 134 F.3d 536, 542 (3d Cir. 1998).

17. Accordingly, Landlord objects to any Plan provisions that seek to prohibit Landlord's rights of setoff. For the reasons set forth above, Article IX.9. of the Plan be modified to include the following language:

> Nothing herein shall modify the rights, if any, of any Holder of Claims or any current or former party to an Executory Contract or Unexpired Lease, to assert any right of setoff or recoupment that such party may have under applicable bankruptcy or non-bankruptcy law.

18. The Debtors cannot abrogate their creditors' rights of setoff, and particularly, Landlord's rights of setoff and recoupment pursuant to the bargained-for protections in the Lease. Landlord respectfully requests that the Plan be modified as set forth herein to preserve those rights.

## RESERVATION OF RIGHTS

19. Landlord reserves its rights to amend and/or supplement this Limited Objection and to raise at the Confirmation Hearing any additional objections to the Plan or to the assumption of the Lease on any basis.

## JOINDER

20.     To the extent not inconsistent with the foregoing, Landlord joins in any objections to the Plan by the Debtors' other landlords.

## CONCLUSION

**WHEREFORE**, Landlord respectfully requests that the Court enter an order (i) denying confirmation of the Plan unless modified as set forth herein; and (ii) granting such other and further relief as the Court deems just and proper.

Wilmington, Delaware
Dated: August 5, 2025

        **LAW OFFICE OF SUSAN E. KAUFMAN, LLC**

        */s/ Susan E. Kaufman*
        Susan E. Kaufman (DE Bar No. 3381)
        919 N. Market Street, Suite 460
        Wilmington, DE 19801
        Tel: (302) 472-7420
        Fax: (302) 792-7420
        Email: skaufman@skaufmanlaw.com

        -and-

        **KELLEY DRYE & WARREN LLP**
        Robert L. LeHane (*pro hac vice* pending)
        Jennifer D. Raviele (*pro hac vice* pending)
        Katherine Cavins (*pro hac vice* pending)
        3 World Trade Center
        175 Greenwich Street
        New York, NY 10007
        Telephone: (212) 808-7800
        Facsimile: (212) 808-7897
        Email:  RLeHane@kelleydrye.com
                  JRaviele@kelleydrye.com
                  KCavins@kelleydrye.com

        *Counsel to Landlord*